HURLEY, Judge,
dissenting.
When the defendant, Roy DeRock, appeared before the court for arraignment on charges of kidnapping and sexual battery, he elected to stand mute. Therefore, in accord with Rule 3.170(c), Fla.R.Crim.P., the trial court entered a plea of not guilty on behalf of the defendant.[1] At the same time, the clerk stamped the back of the information so that the following printed line: “To the within Information, Defendant pleaded ...,” was completed with this notation: “Stood mute in open Court. Not Guilty plea entered by court.”
At the conclusion of the trial, when both sides had rested, the court engaged in a brief discussion with counsel and asked them to confer to see if they could reach agreement on requested jury instructions. It is apparent from the record that all of the parties anticipated that the trial court would exercise its discretion under Rule 3.400(a), Fla.R.Crim.P., and permit the jury to take a copy of the information into the jury room during deliberations.[2] Therefore, counsel for Mr. DeRock requested that the court “white-out” the back of the information which indicated that the defendant had stood mute at arraignment. Counsel asserted that this statement could be interpreted by the jury as a comment on the defendant’s exercise of his constitutional right to remain silent. The trial court denied the request out-of-hand. Due to the brevity of the exchange, the record is not as clear as it could be, but the prosecuting attorney seems to have allied himself with the defense request for, after the court’s ruling, the prosecutor stated, “Note any objection. The court note my objection at this time?” To which the court responded, “Yes,” and declared the. lunch recess.
The parties to this appeal agree that the information containing the clerk’s stamped notation went back to the jury. The record reveals that the trial court did not instruct the jury on the defendant’s right to stand mute at arraignment. The court, however, did instruct on the right of Mr. DeRock’s co-defendant to remain silent and not testify at trial. This instruction was not made applicable to Mr. DeRock because he had testified at trial.
I submit that by permitting the jury to view the clerk’s stamped notation, the trial court sanctioned an impermissible written comment on the defendant’s exercise of his constitutional right to remain silent. The jury was informed that the defendant, when confronted by judicial authority, refused to admit or deny his guilt. I cannot conceive how one could argue that the Fifth Amendment is not operative at arraignment, a critical stage in the trial. Thus, I respectfully suggest that the record demonstrates a clear violation of the defendant’s constitutional rights. “[I]t is a fundamental principle of our constitutional law that a defendant cannot be penalized for exercising his fifth amendment privilege to refuse to communicate to the authorities....” State v. Burwick, 442 So.2d 944, 947 (Fla.1983). “The reason for the rule holding inadmissible at trial evidence of the post-arrest silence ... is that the evidence creates an inference that the defendant is guilty .... ” Ibid.
Having said this, I should further note that I would join my colleagues and vote to affirm the defendant’s conviction if Florida permitted the harmless error rule to apply to errors of this nature. The evidence of the defendant’s guilt is overwhelming and, therefore, I would be prepared to find that the constitutional error is harmless beyond a reasonable doubt. However, my understanding of the state of the law is that the *1375 court is not free to utilize the harmless error rule. See Marshall v. State, _ So.2d _ (Fla. 4th DCA Dec. 28, 1984). Consequently, I must respectfully dissent.

. Rule 3.170(c), Fla.R.Crim.P., provides that "[i]f a defendant stands mute, or pleads evasively, a plea of not guilty shall be entered.”

. Rule 3.400(a), Fla.R.Crim.P., provides that “[t]he court may permit the jury, upon retiring for deliberation, to take to the jury room a copy of the charges against the defendant.”